# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PENNY MAC LOAN SERVICES, LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ERIC MESI,<br><br>　　　　Defendant. | 3:16-cv-00220-RCJ-VPC<br><br>AMENDED<br>**ORDER** |

Plaintiff PennyMac Loan Services, LLC sued Defendant Eric Mesi in state court for quiet title and slander of title over a property that has been the subject of several actions by Defendant in this Court. Defendant removed. Pending before the Court are various motions, including a Motion to Remand, a Motion to Strike the Motion to Remand, and a Motion to Recuse (ECF Nos. 1, 3, 4, 5, 7, 8).

**I.　MOTION TO RECUSE**

Defendant asks the undersigned to recuse. He cites this Court's previous rulings against him in other cases, but that is no basis for recusal. *See Habrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045–46 (9th Cir. 1987). Defendant identifies no extrajudicial bias. The Court denies the motion.

**II.　MOTION TO REMAND**

Plaintiff moves the Court to remand the case to state court. The Court grants the motion.

### A. Legal Standards

A defendant may remove any civil action from state court to federal court by filing a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(a),(b)(1). "Each defendant shall have 30 days after receipt by or service on that defendant . . . to file the notice of removal." § 1446(b)(2)(B). "The removal statute is strictly construed against removal jurisdiction," *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009), and removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "The defendant bears the burden of establishing that removal is proper." *Placer Dome*, 582 F.3d at 1087. In Nevada, service upon individuals may be completed by "leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." Nev. R. Civ. Pro. 4(d)(6).

### B. Analysis

Plaintiff argues that removal was improper for five reasons: (1) the removal was untimely; (2) Plaintiff is a forum defendant attempting to remove under diversity jurisdiction; (3) Plaintiff fails to demonstrate that the amount in controversy exceeds $75,000; (4) the Complaint raises no federal questions; and (5) supplement jurisdiction does not exist. Defendant filed a response styled as a motion to strike. (*See* ECF No. 7).

Plaintiff served Defendant on September 17, 2015 by delivering and leaving a copy of the summons and complaint with a woman at Defendant's residence. (*See* Aff. Serv., 2–3, ECF No. 5-2). The affidavit of service describes the woman as "'Jane Doe' – Occupant (Caucasian, Female, 62 yrs., 5'5", 175 lbs., Short Gray hair with dark and light highlights, Glasses)," and the

servicer declares that she was "a person of suitable age and discretion residing at the Defendant's usual place of abode located at 6865 Quantum Ct., Sparks, Nevada 89436." (*Id.*). Defendant does not dispute that he resides at that address, but he claims that "[n]o one by that description resides at said address," (Pet. For Removal, 2, ECF NO. 1-1), and that he was never served, (*see* Mot. to Strike, 3, ECF No. 7). However, Defendant provides no evidence to support his assertion, and he does provide an order issued by a judge in state court who found that Defendant was appropriately served on September 17, 2015. (*See* Order, 62, ECF No. 7). Thus, the Court finds that Defendant was properly served on that date.

Defendant filed his petition for removal on April 21, 2016, more than seven months after he was properly served. Thus, his petition for removal is untimely. In addition, Plaintiff's claims raise no federal questions,[1] *see Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006), and Defendant cannot remove the case based on diversity of citizenship because he is a citizen of Nevada where the case was brought. *See* 28 U.S.C. § 1441(b)(2). Finally, the Court does not have supplemental jurisdiction over Plaintiff's state-law claims because the Court does not have original jurisdiction in the case. *See* 28 U.S.C. § 1367(a). The Court grants the motion to remand.

Finally, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C § 1447(c). A district court has discretion to award fees under the statute, which turns on the objective reasonableness of a defendant's removal. *See Martine v. Franklin Capital Corp.*, 546 U.S. 132,

---

[1] Defendant argues that his "counter lawsuit" raises federal questions, but he has not filed any counterclaims in this case, and "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Further, "the existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

136 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

Plaintiff asks the Court to order Defendant to pay attorney's fees and costs in the amount of $836.00 "[b]ecause the defects in this removal are glaringly obvious." (Mot., 8, ECF No. 5). Although the Court finds that no objectively reasonable basis for removal existed, it declines to grant Plaintiff's request in light of Defendant's pro se status.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Recuse (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that the Motion to Remand (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED that the case is REMANDED to the Second Judicial District Court of Washoe, Nevada, and the Clerk shall close the case.

IT IS FURTHER ODERED that all other motions (ECF Nos. 1, 3, 4, 7) are DENIED without prejudice as moot.

IT IS SO ORDERED.

Dated this 5th day of July, 2016.

_____
ROBERT C. JONES
United States District Judge