# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PENNYMAC LOAN SERVICES LLC,

       Plaintiffs,

vs.

ERIC MESI,

       Defendant.

3:16-cv-00220-RCJ-VPC

**ORDER**

     Pending before the Court is a post-remand motion which Defendant Eric Mesi has entitled: "Motion for Rule 35 En Banc Determination and Clarification of Order and Defendant Removal and Release of this Case With No Further Action § 1446(b)(2)(B)." However, even setting aside the fact that Mr. Mesi's primary basis for relief appears to be Federal Rule of Appellate Procedure 35—which is inapplicable to district courts—the Court lacks jurisdiction to grant any of the relief sought. "Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988).

     Moreover, when a case is ordered remanded under 28 U.S.C. § 1447(c), the order is unreviewable "on appeal or otherwise." 28 U.S.C. § 1447(d). "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Seedman*, 837 F.2d at 414. As the Court's remand order indicated, remand in this

case was expressly based on grounds falling within the ambit of § 1447(c), including untimely removal and violation of the forum defendant rule. (ECF No. 17.) *See Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 354 (7th Cir. 2000) (stating that untimely removal is "precisely the type of removal defect contemplated by § 1447(c)"); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006) (holding that violation of the forum defendant rule is a "waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)").

Therefore, this Court has been divested of jurisdiction and review of the remand order is unavailable. This result would be no different even if Mr. Mesi were able to show that the Court made a clear legal error in ordering the remand (which he has not done). *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 642 (2006).

Lastly, a fairly significant portion of Mr. Mesi's motion appears to be based on a mistake in the Court's initial remand order, which designated the Eighth Judicial District Court, Clark County as the court of remand. (ECF No. 16.) However, an amended order has clarified that the case is actually remanded to the Second Judicial District Court, Washoe County. (ECF No. 17.)

## CONCLUSION

IT IS HEREBY ORDERED that Mr. Mesi's Motion (ECF No. 18) is DENIED.

IT IS SO ORDERED.

DATED: This 16th day of September, 2016.

_____
ROBERT C. JONES
United States District Judge